UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

Appeal No. 23-14225

_____

TAMARA OGIER, AS TRUSTEE FOR THE BANKRUPTCY ESTATE OF BRITTANY DAKOTA BOSLEY ET AL.,

Plaintiffs – Appellants,

vs.

INTERNATIONAL FOLLIES, INC. d/b/a CHEETAH,

Defendant – Appellee

On Appeal from Judgment
of the United States District Court
for the Northern District of Georgia

District Court Docket No. 1:21-cv-2421-VMC

_____

SUPPLEMENTAL BRIEF OF PLAINTIFFS–APPELLANTS

_____

DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC

101 Marietta Street NW
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
matthew.herrington@dcbflegal.com
charlesbridgers@dcbflegal.com

Matthew W. Herrington
Georgia Bar No. 275411
Charles R. Bridgers
Georgia Bar No. 090791

*Attorneys for Plaintiffs–Appellants*

# Certificate of Interested Persons

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, Appellants hereby file this Certificate of Interested Persons and Corporate Disclosure Statement. The following persons or entities, to the best of Appellants' knowledge, have an interest in the outcome of this matter:

Brittany Bosley, Appellant/Cross-Appellee

Jennifer Brand, United States Department of Labor, Office of the Solicitor

Charles R. Bridgers, Counsel for Appellant/Cross-Appellee

DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC, Counsel for
    Appellant/Cross-Appellee

Hon. Victoria Marie Calvert, District Court Judge

International Follies, Inc. d/b/a Cheetah, Cross-Appellant/Appellee

Matthew W. Herrington, Counsel for Appellant/Cross-Appellee

Edwin Kneedler, Deputy Solicitor General, United States Department of
    Justice

Erin Mohan, United States Department of Labor, Office of the Solicitor

Jim Morlath, United States Department of Labor, Office of the Solicitor

Seema Nanda, Solicitor of Labor, United States Department of Labor

Tamara Ogier, Appellant/Cross-Appellee

Andrea Pawlak, Counsel for Cross-Appellant/Appellee

Elizabeth Prelogar, Solicitor General of the United States

Julie A. Su, Acting Secretary of Labor, United States Department of Labor

Maria Van Buren, United States Department of Labor, Office of the Solicitor

Dated: July 31, 2024.

*s/ Matthew W. Herrington*
Matthew W. Herrington
Georgia Bar No. 275411

# Table of Contents

Certificate of Interested Persons ................................................................... C1

Table of Contents ............................................................................................... i

Table of Authorities .......................................................................................... ii

Argument and Citations of Authority ............................................................ 1

1.  In light of *Loper*, this Court's precedent necessitates limited remand to the District Court to determine the meaning of "managers or supervisors" in 29 U.S.C. § 203(m)(2)(B) .......................... 1

2.  *Loper* requires this Court to determine the meaning of "managers or supervisors" in 29 U.S.C. § 203(m)(2)(B) without deference to the Department of Labor's preferred definition ................................ 2

3.  *Loper* requires the Court to determine the statutory meaning of "managers or supervisors" in accordance with traditional canons of statutory interpretation ........................................................... 4

4.  Conclusion ................................................................................................ 5

Certificate of Compliance ................................................................................ 6

Certificate of Service ........................................................................................ 7

## Table of Citations and Authorities

**Other Authority**

*Chevron, U.S.A., Inc. v. NRDC, Inc.*,
   467 U.S. 837, 104 S. Ct. 2778 (1984) ............................................... *passim*

*Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007) .................... 1

\* *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024) ..................... *passim*

*Skidmore v. Swift & Co.*, 323 U. S. 134 (1944) ................................................ 4

*United States v. Miller*, 321 F. App'x 860 (11th Cir. 2009) ........................... 1

*Utah v. Su*, No. 23-11097, 2024 U.S. App. LEXIS 17697
   (5th Cir. July 18, 2024) ............................................................................. 1

29 C.F.R. § 531.52(b)(2) ..................................................................................... 1

29 U.S.C. § 203(m)(2)(B) ............................................................................... 2, 4

### ARGUMENT AND CITATIONS OF AUTHORITY

In this case, Plaintiffs-Appellants asked the Court to determine, *inter alia*, whether the Department of Labor's regulatory definition of "managers or supervisors" at 29 C.F.R. § 531.52(b)(2) was entitled to deference under *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 104 S. Ct. 2778 (1984). However, during the pendency of this appeal, the U.S. Supreme Court invalidated *Chevron* in *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024). Plaintiffs filed a letter Notice of Supplemental Authority [App. Doc. 43] and this Court ordered the parties (and inviting the Acting Secretary of Labor as amicus curiae) to file supplemental briefs as to the effect of *Loper* on the issues presented in this appeal. [App. Doc. 46-1] Plaintiffs file this supplemental brief pursuant to that Order.

**1.     In Light of *Loper*, this Court's Precedent requires limited remand to the District Court**

When new Supreme Court precedent arises that affects a portion of the district court order(s) under review in a pending appeal, this Court previously has ordered a limited remand so that the District Court can properly consider the matter in light of the new precedent, allowing this Court to maintain its proper role as one of review and not of first view. *See, e.g., United States v. Miller*, 321 F. App'x 860, 861 (11th Cir. 2009) (ordering limited remand for reconsideration of a sentencing order in light of *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007)); *see also Utah v. Su*, No. 23-11097, 2024 U.S. App. LEXIS 17697, at *10–14 (5th Cir. July 18,

2024) (ordering limited remand of a case potentially affected by the *Loper* decision).

Below, the district court refused to consider Plaintiffs' arguments that deference under *Chevron* was unwarranted, stating that Plaintiffs should take that argument to a higher court. [Doc. 53, pp. 7–8] Its order granting summary judgment was thus based, in part, on complete deference to the regulatory definition of "managers or supervisors" at 29 C.F.R. § 531.52(b)(2), finding under *Chevron* that the definition was not "arbitrary, capricious, or manifestly contrary to the statute." [Doc. 53, pg. 7]

Plaintiffs believe that, even after *Loper*, the parties' prior briefing is more than sufficient to permit this Court to make a fully informed ruling on all issues before it. But this Court's precedent suggests that limited remand is necessary to first permit the District Court to decide the issue based on the proper standard. **This limited remand, if it occurs, should happen before oral argument**, to ensure a more prompt and efficient resolution of the entire suite of issues on appeal.

## 2. *Loper* requires this Court to construe the meaning of "managers or supervisors" in 29 U.S.C. § 203(m)(2)(B) without deference to the Department of Labor's preferred definition

Should this Court proceed to decide this case without a limited remand to the District Court, *Loper* requires that it construe the meaning of "managers or supervisors" in 29 U.S.C. § 203(m)(2)(B) without deference to the Department of Labor's preferred definition.

In *Loper,* the Supreme Court rejected *Chevron's* requirement that courts defer to reasonable agency interpretations of ambiguous statutes because that requirement violated both constitutional separation-of-powers principles and requirements of the Administrative Procedures Act:

> The APA . . . specifies that courts, not agencies, will decide "*all* relevant questions of law" arising on review of agency action, §706 (emphasis added)—even those involving ambiguous laws—and set aside any such action inconsistent with the law as they interpret it. And it prescribes no deferential standard for courts to employ in answering those legal questions.

144 S. Ct. 2244, 219 L.Ed.2d 832, 854. *Chevron*, the Court found,

> . . . defies the command of the APA that the reviewing court—not the agency whose action it reviews—is to decide *all* relevant questions of law and interpret [] statutory provisions. It requires a court to *ignore*, not follow, the reading the court would have reached had it exercised its independent judgment as required by the APA.

*Id.,* 144 S. Ct. 2244, 219 L.Ed.2d 832, 842 (quotations and citations omitted) (emphasis in original). *Chevron*, it determined, had obscured "the question that matters: Does the statute authorize the challenged agency action?" *Id.*, 144 S. Ct. 2244, 219 L.Ed.2d 832, 845.

### 3. *Loper* requires this Court to interpret "managers or supervisors" in 29 U.S.C. § 203(m)(2)(B) according to traditional rules of statutory construction

In rejecting *Chevron*, the Supreme Court explained that it was preserving traditional (and constitutional) role of courts to say what the law is based on traditional rules of statutory construction:

> Courts interpret statutes, no matter the context, based on the **traditional tools of statutory construction, not individual policy preferences**. Indeed, the Framers crafted the Constitution to ensure that federal judges could exercise judgment free from the influence of the political branches.

*Loper*, 144 S. Ct. 2244, 219 L.Ed.2d 832, 861 (emphasis added).

If the Court finds that the Department of Labor's regulation interpreting the words "managers or supervisors" is persuasive, then the Court may of course defer to it. *Skidmore v. Swift & Co.*, 323 U. S. 134, 139–40 (1944). But, to comport with *Loper*, such deference is only justified to the extent that the Department of Labor's interpretation is guided by the same traditional rules of statutory construction that this Court and all other courts are bound by. No Court may simply disregard the plain meaning or the best reading of a statute simply because it prefers the policy goals of an agency's unprincipled interpretation.

As Plaintiffs have shown in their previous briefing, however, the Department's definition is guided *entirely* by preferred policy outcomes. Plaintiffs would challenge the Court to read the Department's Final Rule and find even a single reference to any attempt to ascertain the meaning of

the statutory text by principled textual analysis. Instead, what the Court would find is lengthy discussion of the desires of various stakeholders and the Department's attempt to appease them.[1] The Department's preferred definition is thus completely untenable.

## 4.   Conclusion

Based on the foregoing, Plaintiffs–Appellants respectfully request that the Court remand this case to the District Court for the limited purpose of applying *Loper* in the first instance, and, following remand, to rule on all outstanding issues in this case.

Respectfully submitted this 31st day of July 2024,

|  |  |
|---|---|
|  | **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC** |
| 101 Marietta Street NW<br>Suite 2650<br>Atlanta, Georgia 30303<br>Phone: (404) 979-3150<br>Fax: (404) 979-3170 | *s/ Matthew W. Herrington*<br>Matthew W. Herrington<br>Georgia Bar No. 275411<br>matthew.herrington@dcbflegal.com<br>Charles R. Bridgers<br>Georgia Bar No. 090791<br>charlesbridgers@dcbflegal.com |

---

[1] *See* Tip Regulations Under the Fair Labor Standards Act (FLSA), 85 Fed. Reg. 86756, 86762-86764, 2020 WL 7753223 (Dec. 30, 2020).

## Certificate of Compliance

This supplemental brief complies with the Court's order requiring it to be no longer than 15 pages because it has been prepared in a proportionally spaced typeface using Palatino Linotype in 14-point font, and it is 5 pages in length, excluding those portions excluded from length limits by Fed. R. App. P. 32(f).

Dated: July 31, 2024

<u>s/Matthew W. Herrington</u>
Matthew W. Herrington
Ga. Bar No. 275411

- 7 -

## Certificate of Service

I hereby certify that I have this day electronically filed the foregoing document using the Court's CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

Dated: July 31, 2024

*s/Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411
