No. 23-14225

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

TAMARA OGIER, as Trustee for the Bankruptcy Estate of Brittany Dakota Bosley
and BRITTANY DAKOTA BOSLEY,

Plaintiffs-Appellants,

v.

INTERNATIONAL FOLLIES, d/b/a CHEETAH,

Defendant-Appellee and Cross-Appellant.

On Appeal from the United States District Court
for the Northern District of Georgia

**ACTING SECRETARY OF LABOR'S SUPPLEMENTAL BRIEF**

SEEMA NANDA
Solicitor of Labor

JENNIFER S. BRAND
Associate Solicitor

SARAH KAY MARCUS
Deputy Solicitor

MARIA VAN BUREN
Counsel for Child Labor
and Special FLSA Projects

ERIN M. MOHAN
Senior Attorney
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, NW.
Room N-2716
Washington, D.C. 20210
Mohan.Erin.M@dol.gov
(202) 693-5783

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Local Rules 26.1 and 27-1(a)(9), counsel for the United States Department of Labor certifies that the following persons and entities have or may have an interest in the outcome of this appeal:

Brittany Bosley, Appellant/Cross-Appellee

Jennifer Brand, United States Department of Labor, Office of the Solicitor

Charles R. Bridgers, Counsel for Appellant/Cross-Appellee

DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC, Counsel for Appellant/Cross-Appellee

Hon. Victoria Marie Calvert, District Court Judge

Constangy, Brooks, Smith & Prophete, LLP, Counsel for Cross-Appellant/Appellee

International Follies, Inc. d/b/a Cheetah, Cross-Appellant/Appellee

Matthew W. Herrington, Counsel for Appellant/Cross-Appellee

Erin Mohan, United States Department of Labor, Office of the Solicitor

Jim Morlath, United States Department of Labor, Office of the Solicitor

Seema Nanda, Solicitor of Labor, United States Department of Labor

Tamara Ogier, Appellant/Cross-Appellee

Andrea Pawlak, Counsel for Cross-Appellant/Appellee

Maria Van Buren, United States Department of Labor, Office of the Solicitor

Dated: September 12, 2024.                    Respectfully submitted,

s/ Erin M. Mohan
ERIN M. MOHAN
Senior Attorney
Fair Labor Standards Division
Office of the Solicitor
United States Department of Labor
200 Constitution Ave., NW 20210
N-2716
202-693-5783

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................... i

INTRODUCTION ................................................................................................. 1

ARGUMENT ........................................................................................................ 2

I. *Loper Bright* Confirms the District Court Was Correct to Apply 531.52(b)(2) to Determine Who is a Manager or Supervisor. ............................................. 2

II. Regardless of *Loper Bright*, the FLSA Does Not Allow Managers or Supervisors to Keep Tips Employees Provide "Voluntarily." ....................... 11

CONCLUSION ................................................................................................... 13

CERTIFICATE OF COMPLIANCE AND SERVICE ...............................................

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Auer v. Robbins*,
   519 U.S. 452 (1997) ......................................................................... 13

*Chevron, U.S.A., v. Natural Resources Defense Council*,
   467 U.S. 837 (1984) .......................................................................... 1

*Kisor v. Wilkie*,
   139 S. Ct. 2400 (2019) ..................................................................... 13

*Loper Bright Enterprises v. Raimondo*,
   144 S. Ct. 2244 .......................................................................... Passim

*Perez v. Owl, Inc.*,
   110 F.4th 1296 (11th Cir. 2024) ........................................................ 7

*Rubie's Costume Co. v. United States*,
   337 F.3d 1350 (Fed. Cir. 2003) ....................................................... 10

*Skidmore v. Swift & Co.*,
   323 U.S. 134 (1944) ................................................................... 7-8, 10

**Statutes**

29 U.S.C. 203(m) ......................................................................... passim

Pub. L. No. 89-601, § 602 ................................................................... 4
Pub. L. No. 115-141, § 1201 ............................................................... 4

**Code of Federal Regulations**

29 C.F.R. § 531.52 ........................................................................ passim

i

**Code of Federal Regulations – Continued:**

29 C.F.R. § 531.54 ........................................................................ 12-13
29 C.F.R. § 541.100 ........................................................................ 6, 8
29 C.F.R. § 541.105 .......................................................................... 6

**Other Authorities**

Department of Labor, Proposed Rule, Wage and Hour Division,
  Tip Regulations Under the Fair Labor Standards Act (FLSA)
  84 Fed. Reg. 53,956-01 (October 8, 2019) ...................................... 6, 8

Department of Labor, Final Rule, Wage and Hour Division,
  Tip Regulations Under the Fair Labor Standards Act (FLSA)
85 Fed. Reg. 86,756-01 .................................................................. 5, 8-9

No. 23-14225

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

TAMARA OGIER, as Trustee for the Bankruptcy Estate of Brittany Dakota Bosley
and BRITTANY DAKOTA BOSLEY,

Plaintiffs-Appellants,

v.

INTERNATIONAL FOLLIES, d/b/a CHEETAH,

Defendant-Appellee and Cross-Appellant.

On Appeal from the United States District Court
for the Northern District of Georgia

ACTING SECRETARY OF LABOR'S SUPPLEMENTAL BRIEF

## INTRODUCTION

The Acting Secretary of Labor respectfully submits this supplemental brief
to address the effect, if any, on this case of *Loper Bright Enterprises v. Raimondo*,
144 S. Ct. 2244 (2024), which overruled *Chevron, U.S.A., v. Natural Resources
Defense Council*, 467 U.S. 837 (1984). *Loper Bright* confirms that the district
court was correct to rely on the Department's implementing regulation at 29 C.F.R.
§ 531.52(b)(2) to determine whether Cheetah employees are "managers or
supervisors" under the tip provisions of the Fair Labor Standards Act (FLSA), 29

1

U.S.C. 203(m)(2)(B). *Loper Bright* does not, however, impact the argument made by Appellants and the Acting Secretary that 203(m)(2)(B) precludes employers from allowing managers or supervisors to keep tips, including those "voluntarily" given to them by employees.

## ARGUMENT

I.  **_Loper Bright_ Confirms the District Court Was Correct to Apply 531.52(b)(2) to Determine Who is a Manager or Supervisor.**

Appellants urge this Court to disregard the Department's notice-and-comment regulation at 29 C.F.R. § 531.52(b)(2) defining which employees are "managers or supervisors" under FLSA section 203(m)(2)(B) and to instead apply a revised regulatory test of Appellants' own devising. *Loper Bright* confirms, however, that the district court did not err in applying the Department's regulation.

A. In *Loper Bright*, the Supreme Court overruled the *Chevron* doctrine, which had treated "statutory ambiguities" as "implicit delegations to agencies," and it instructed courts to instead "exercise independent judgment in determining the meaning of statutory provisions." 144 S. Ct. 2244, 2262, 2265. The Supreme Court emphasized, however, that a "statute's meaning may well be that the agency is authorized to exercise a degree of discretion." *Id.* at 2263. Congress "often" enacts statutes, the Supreme Court explained, using legislative language that empowers the agency "to prescribe rules to 'fill up the details' of a statutory scheme" or authorizes an agency "to regulate subject to the limits imposed by a

term or phrase that 'leaves agencies with flexibility,'" such as "appropriate" or "necessary." *Id.* (cleaned up), 2263 n.6 (pointing to a statute directing the Environmental Protection Agency to regulate power plants "if the Administrator finds such regulation is appropriate and necessary").

"When," as here, as discussed below, "the best reading of a statute is that it delegates discretionary authority to an agency," *Loper Bright* holds, the "role of the reviewing court" is to "recogniz[e]" the delegation, "fix[] the boundaries of the delegated authority," and ensure "the agency has engaged in reasoned decisionmaking within those boundaries." *Id.* (cleaned up). By "identify[ing] and respect[ing]" congressional delegations of authority to administrative agencies, courts "stay out of discretionary policymaking left to the political branches." *Id.* at 2268.

Appellants are therefore incorrect when they assert *Loper Bright* requires this Court to "construe the meaning of 'managers or supervisors'" in 29 U.S.C. 203(m)(2)(B) without regard to the Department's regulation. Appellants Suppl. Br. 2. Although courts should "not defer to an agency interpretation of the law *simply* because a statute is ambiguous," if—as here— "a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while ensuring that the agency acts within it." *Loper Bright*, 144 S. Ct. at 2273 (emphasis added).

B.1.  In her amicus brief, the Acting Secretary did not seek *Chevron*

deference to 531.52(b)(2) but explained how Congress delegated the Department

discretionary authority to promulgate the regulation.  Acting Sec'y Br. 28-36; *see*

*also id.* 3-10.  Congress passed the 2018 FLSA amendments—including the

prohibition on employers "allowing managers or supervisors to keep" tips—in

response to disagreements about the Department's 2011 tip regulations, which the

Department promulgated pursuant to Congressional language explicitly

"authoriz[ing]" the Secretary "to promulgate necessary rules, regulations, or orders

with regard to the amendments."  Pub. L. No. 89-601, § 602.  In the 2018

amendments, Congress expressly suspended parts of the prior regulations and

granted the Department discretionary authority to take "future action," to restore

the "force and effect" of the suspended regulations.  Pub. L. No. 115-141, § 1201.[1]

The Department took this "future action" with the 2020 rulemaking, which

"amend[ed]" the tip regulations "to address" the 2018 amendments. 85 Fed. Reg.

---

[1] Pub. L. No. 115-141, § 1201(c), titled "Effect on Regulations," states:

The portions of the final rule promulgated by the Department of Labor entitled "Updating Regulations Issued Under the Fair Labor Standards Act" (76 Fed. 18832 (April 5, 2011)) that revised sections 531.52, 531.54, and 531.59 of title 29,  (76 Fed. Reg. 18854–18856) and that are not addressed by section 3(m) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(m)) (as such section was in effect on April 5, 2011), shall have no further force or effect until any future action taken by the Administrator of the Wage and Hour Division of the Department of Labor.

86,756-01, 86,756.  Because Congress expressly contemplated action by the Department to revise its regulations to implement the 2018 FLSA amendments, this Court's role under *Loper Bright* is to respect that Congressional delegation, while policing its "outer statutory boundaries." *Loper Bright*, 144 S. Ct. at 2268.

2.  The test at 531.52(b)(2) to determine which employees are managers or supervisors does not exceed those boundaries.  As the Acting Secretary explained in her amicus brief, a necessary part of implementing 203(m)(2)(B) is clarifying the "details of who is a manager or supervisor prohibited from keeping other employees' tips."  Acting Sec'y Br. 30-31.

The Department's regulation, moreover, is fully consistent with the ordinary meaning of the statutory phrase "managers or supervisors."  *See id*. 33-34 (citing *Supervisor*, Black's Law Dictionary (11th ed. 2019) ("One having authority over others; a manager or overseer."); *Manager*, Black's Law Dictionary (11th ed. 2019) ("Someone who administers or supervises the affairs of a business, office, or other organization."); *Management*, Merriam-Webster Online (2024) ("[T]he act or art of managing: the conducting or supervising of something.")).  The Department, correctly recognizing that the ordinary meaning of the terms "manager" and "supervisor" significantly overlap, interpreted the statutory phrase "managers or supervisors" through a multi-part test that encompasses a range of managerial and supervisory roles.  These criteria indicate supervisory responsibility, authority, and

involvement in management consistent with the ordinary meaning of "managers or supervisors," 29 U.S.C. 203(m)(2)(B), and "effectively identify employees who manage or supervise other employees and therefore those whom Congress sought to prevent from keeping other employees' tips." 84 Fed. Reg. 53,956-01, 53,962. Section 531.52(b)(2) is therefore the product of the Department's "reasoned decisionmaking" within the "outer statutory boundaries" of its Congressionally delegated discretionary authority. *Loper Bright*, 144 S. Ct. at 2263, 2268.

Appellants take issue with 531.52(b)(2)'s requirement that managers or supervisors have authority over other employees as demonstrated because either: (1) they are empowered to hire or fire other employees, or (2) their "suggestions and recommendations as to the hiring, firing, advancement, promotion or *any* other change of status of other employees are given particular weight"—though a "higher level manager's recommendation" may have "more importance," and the employee need "not have authority to make the ultimate decision as to the employee's change in status." 29 C.F.R. §§ 541.100(a)(4) (emphasis added); 541.105. Appellants apparently concede that Cheetah's bouncers do not meet this requirement. *See* Appellant Reply and Resp. Br. 6-19; Appellee Suppl. Br. 11. But Appellants cannot seriously contend that the plain language of the statute, or any other traditional tool of statutory construction, *compels* the Department or this Court to characterize an employee as a manager or supervisor when the employee

is not empowered to provide meaningful input as to any change of their co-workers' status in the workplace. Nor is the Department precluded from adopting regulatory definitions that are more detailed than broad dictionary definitions, as Appellants suggest. Appellant Reply and Resp. Br. 13.

Indeed, despite urging this Court to independently define the phrase "managers or supervisors" using the traditional tools of statutory construction, Appellant Suppl. Br. 4, Appellants never present an argument explaining why Cheetah's bouncers are "managers or supervisors" under 203(m)(2)(B) based on ordinary meaning, the structure of the statute, or any canon of construction. Nothing before this Court therefore suggests that the Department's reasoned regulation exceeds the boundaries of its discretionary authority.

C. Even when Congress does not delegate to an agency the discretionary authority to issue substantive regulations, *Loper Bright* reaffirms that courts may "seek aid from the interpretations of those responsible for implementing particular statutes," under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *Perez v. Owl, Inc.*, 110 F.4th 1296, 1307-08 (11th Cir. 2024) (citing *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2262 (2024)). Moreover, the Supreme Court emphasized that "great weight" may be due an administering agency interpretation issued "contemporaneously with the enactment of the statute," as is the case with

531.52(b), which the Department promulgated shortly after the passage of the 2018 amendments.  *Loper Bright*, 144 S. Ct. at 2258-59.

Under *Skidmore*, deference is warranted to 531.52(b)(2) based on both the "validity" of the Department's "reasoning" and the "thoroughness" of its "consideration."  *Skidmore*, 323 U.S. at 140.  As explained above and in the Acting Secretary's amicus brief, the Department's test effectively identifies those employees with sufficient supervisory responsibility, authority, and involvement in managing to be "managers or supervisors" whom Congress precluded from keeping tips.  And it ensures employees—especially tipped employees who rely on tips for income—who may occasionally perform some lower-level managerial responsibilities, but are not managers or supervisors, are not incorrectly prohibited from receiving tips.  *See* 85 Fed. Reg. 86,756-01, 86,763.

The Department's test does this while relying on longstanding, "well-established," and familiar criteria used in part to identify employees who are employed in an "executive capacity" and thus exempt from the FLSA's minimum wage and overtime protections.  *See* 29 C.F.R. § 531.52(b)(2) (incorporating the executive duties test at 29 C.F.R. § 541.100(a)(2)-(4)); 84 Fed. Reg. 53,956-01, 53,961-62.  Even Appellants acknowledge the "merit" in this approach, which "allows both employers and courts to engage in analysis that is already familiar to

them, avoiding the need to create entirely new interpretive categories." Appellants Br. 27.

Not only is the reasoning behind 531.52(b)(2) valid, but there can also be no question that the Department thoroughly considered who Congress intended to be "managers or supervisors" before promulgating the regulation. The Department issued the 2020 revisions to its tip regulations, including 531.52(b)(2), through the notice-and-comment rulemaking procedures of the Administrative Procedure Act. After a more than 60-day comment period, the Department received more than 450 comments "from a broad array of constituencies, including small business owners, restaurant companies, employer and industry associations, worker advocacy groups, trade unions, non-profit organizations, social scientists, law firms, Members of Congress, state attorneys general, a state department of labor, and other interested members of the public." 85 Fed. Reg. 86,756-01, 86,757.

The Preamble to the 2020 rule reflects the Department's careful consideration of these comments and includes an extensive discussion of 531.52(b)(2). Among other things, the Department responded to concerns from commenters about a test that might sweep in employees who lacked the "authority that the statute intended to attribute to the managers or supervisors who should be barred from sharing tips," and it considered and rejected the alternative definition of "managers or supervisors" now proposed by Appellants. *See* Acting Sec'y Br. 9.

Appellants misunderstand *Skidmore*, erroneously suggesting that such deference is based solely on an agency's utilization of the traditional tools of statutory construction and is unwarranted here because the Department, as part of its rulemaking process, evaluated the concerns of "various stakeholders." Appellants Suppl. Br. 5. But the rationale for *Skidmore* deference has always been grounded in the reality that agency interpretations may be "based upon more specialized experience and broader investigations and information than is likely to come to a judge in a particular case." *Skidmore*, 323 U.S. at 139. That the Department carefully considered and responded to comments from stakeholders to adopt a test fully consistent with the statutory language is a feature not a flaw. *See, e.g.*, *Rubie's Costume Co. v. United States*, 337 F.3d 1350, 1356 (Fed. Cir. 2003) (explaining that the agency, through its notice-and-comment rulemaking process, thoroughly considered the issue as required for *Skidmore* deference). *Loper Bright* therefore confirms that the district court was correct to rely on the Department's implementing regulation at 531.52(b)(2) to determine whether Cheetah employees are "managers or supervisors" under 203(m)(2)(B).

## II. Regardless of *Loper Bright*, the FLSA Does Not Allow Managers or Supervisors to Keep Tips Employees Provide "Voluntarily."

*Loper Bright* does not impact the argument made by Appellants and the Acting Secretary that 203(m)(2)(B) precludes employers from allowing managers or supervisors to keep tips, including those "voluntarily" given to them by employees. Section 203(m)(2)(B) prohibits employers from "allowing managers or supervisors to keep any portion of employees' tips" for "any purposes." Under the ordinary meaning of that language, when an employer permits or fails to prevent managers or supervisors keeping other employees' tips, the employer "allow[s]" managers or supervisors to keep tips in violation of the statute. *See* Acting Sec'y Br. 18-19. And when managers or supervisors take "control" of employees' tips; "refrain from granting" or "giving" employees the tips the employees earned; or—most relevant in this case— "retain" other employees' tips in their "possession or power," managers or supervisors unlawfully "keep" tips within the ordinary meaning of that term. *See Keep*, Merriam-Webster Online (2024).[2] There is no exception in the text permitting managers or supervisors to keep tips so long as the employee "voluntarily" offers them. The Acting

---

[2] The Department's regulations therefore permit an employer to "exert control over an employee's tips only to distribute tips to the employee who received them," to "require employees to share tips with other employees in compliance with" the Department's tip pooling regulation, "or, where the employer facilitates tip pooling by collecting and redistributing employees' tips, distribute tips to employees in a tip pool in compliance with" the tip pooling regulation. 29 C.F.R. § 531.52(b)(1).

Secretary's interpretation is thus the best, and, indeed, the only supportable, interpretation of the statute.

Perplexingly, Appellee argues that this Court should "disregard" the Acting Secretary's arguments grounded in ordinary meaning and statutory context on account of *Loper Bright*, while insisting that any interpretation of the statute be dictated by the Department's regulation at 29 C.F.R. § 531.54—or, at least, Appellee's (incorrect) reading of that regulation. Appellee Suppl. Br. 11-13. Appellees contend that because 531.54 clarifies that the FLSA "expressly prohibits employers from requiring employees to share tips with managers or supervisors" in an employer-mandated tip pool, the *sole* way an employer can allow managers or supervisors to keep tips is by "requiring" or allowing "managers or supervisors to require" employees to share tips with managers or supervisors. *See* Appellee Suppl. Br. 13-12. But 531.54 does not demand that this Court interpret the FLSA in a manner contrary to the plain statutory language. Nor could it, under *Loper Bright*.

As the Acting Secretary explained in her amicus brief, 531.54(b) elucidates what it means to violate 203(m)(2)(B) in the specific context of an employer-mandated tip pool; it does not provide the exclusive means through which an employer can violate the FLSA by "allowing" managers or supervisors to keep tips. Acting Sec'y Br. 24. Regardless of any employer-mandated tip pool, all

covered employers must comply with 531.52(b), which applies to "managers or supervisors obtaining employees' tips *directly*," as well as "indirectly, such as via a tip pool." 85 Fed. Reg. 86762-63 (emphasis added). And all employers must comply with the statute itself. It is plain from 203(m)(2)(B), as well as 531.52(b), that managers or supervisors cannot retain their employee's tips, even if the employee "voluntarily" provides them.[3] *Loper Bright* does not, therefore, impact the argument made by Appellants and the Acting Secretary that the district court erred when it held that Cheetah could allow managers or supervisors to keep dancers' tips, if the dancers "voluntarily" provided them.

## CONCLUSION

For the reasons stated above, and in her amicus brief, the Acting Secretary respectfully requests that this Court reverse the district court's holding that Cheetah could allow managers or supervisors to keep "voluntarily" provided tips and remand for the court to determine—by applying 531.52(b)(2)—whether Cheetah's house moms are managers or supervisors under the FLSA. To the extent

---

[3] Of course, if this Court were to agree with Appellants that resolution of this question turns on the Department's regulations, rather than the plain language of the statute, the Acting Secretary's interpretation of her own regulations is, at the very least, a reasonable reading of 531.54 and 531.52(b), and would therefore control. *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2408, 2414-18 (2019); *Auer v. Robbins*, 519 U.S. 452, 461-62 (1997).

Appellants concede that Cheetah's bouncers do not satisfy that test, this Court

should partially affirm summary judgment for Cheetah.


Respectfully submitted,


SEEMA NANDA
Solicitor of Labor

JENNIFER S. BRAND
Associate Solicitor

SARAH KAY MARCUS
Deputy Solicitor

MARIA VAN BUREN
Counsel for Child Labor
and Special FLSA Projects

/s/ Erin M. Mohan
ERIN M. MOHAN
Senior Attorney
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, NW.
Room N-2716
Washington, D.C.  20210
Mohan.Erin.M@dol.gov
(202) 693-5783

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

I hereby certify that this filing complies with the Order [Doc. 46], entered on July 23, 2024, inviting the Acting Secretary to file a supplemental brief not to exceed **<u>15 pages</u>**.

I further certify that I have this day electronically filed the foregoing using the Court's CM/ECF system, which automatically sends email notification to all counsel of record.

Dated: September 12, 2024          /s/ Erin M. Mohan
                                     ERIN M. MOHAN
                                     Senior Attorney
                                     U.S. Department of Labor
                                     Office of the Solicitor
                                     200 Constitution Avenue, NW.
                                     Room N-2716
                                     Washington, D.C. 20210
                                     Mohan.Erin.M@dol.gov
                                     (202) 693-5783